UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES VORHIES,

           Plaintiff,

   v.

CAROLYN COLVIN, Acting Commissioner of Social Security,

           Defendant.

CASE NO. C14-5559 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

     This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 17), and Plaintiff James Vorhies's ("Vorhies") objections to the R&R (Dkt. 18).

     On May 6, 2015, Judge Christel issued the R&R recommending that the Court affirm the Administrative Law Judge's ("ALJ") decision that Vorhies was not disabled. Dkt. 17. On May 20, 2015, Vorhies filed objections. Dkt. 18. On May 26, 2015, the Government responded. Dkt. 19. Vorhies did not file a reply.

     Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition. Rule 72(b) provides as follows:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Vorhies raises three objections to Judge Christel's recommended disposition. First, Vorhies argues that Judge Christel improperly determined that the ALJ provided clear and convincing reasons for rejecting Vorhies's testimony. Dkt. 18 at 6–9. The ALJ rejected Vorhies's testimony because it was inconsistent with the medical records and not supported by objective medical evidence.[1] AR 76. As Judge Christel thoroughly discussed, the ALJ's conclusion was supported by substantial evidence. *See* Dkt. 17 at 4–9. Although Vorhies recounts additional facts in the record, the interpretation of evidence is within the ALJ's purview. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."). The Court therefore agrees with Judge Christel that the ALJ provided clear and convincing reasons for discounting Vorhies's testimony.

---

[1] The ALJ also rejected Vorhies's testimony because it was inconsistent with his daily activities. AR 73, 80–81, 83. Judge Christel determined that the ALJ erred in citing Vorhies's daily activities as a basis for rejecting his testimony, but that this error was harmless. Dkt. 17 at 12–13. Vorhies does not object to Judge Christel's conclusion on this issue. *See* Dkt. 18. Because substantial medical evidence undermines Vorhies's testimony and supports the ALJ's ultimate conclusion, the Court agrees with Judge Christel that the ALJ committed harmless error. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." (internal quotation marks omitted)).

ORDER - 2

Second, Vorhies contends that Judge Christel erroneously concluded that the ALJ provided germane reasons for discrediting the testimony of Vorhies's occupational therapist, Christina Casady ("Ms. Casady"). Dkt. 18 at 4. The ALJ accorded no weight to Ms. Casady's opinion because she based her findings primarily on Vorhies's subjective statements regarding his limitations, and the ALJ did not find Vorhies to be credible. AR 83 & n.12, 469. As an occupational therapist, Ms. Casady's opinion is not considered an "acceptable medical source" under the Social Security Act. *See* 20 C.F.R. § 404.1513(d). Thus, the ALJ's evaluation of Ms. Casady's opinion is subject to the same standards as other lay witnesses. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). The ALJ provided a germane reason for rejecting Ms. Casady's opinion. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Accordingly, the Court agrees with Judge Christel that the ALJ did not err.

Third, Vorhies contends that Judge Christel erroneously determined that the ALJ provided germane reasons for rejecting lay witness testimony. Dkt. 18 at 10. The Court disagrees. The ALJ provided two germane reasons for rejecting the lay witness testimony: (1) it was inconsistent with medical records; and (2) it was primarily based on Vorhies's testimony, which the ALJ determined was not credible. AR 84–85. Because the ALJ provided germane reasons for rejecting the lay witness testimony, the ALJ did not err. *See Valentine*, 574 F.3d at 694; *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

The Court having considered the R&R, Vorhies's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**; and

(2) This action is **DISMISSED**.

Dated this 30th day of June, 2015.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4